Duckworth and Others v. Matlock and Others.

PLEADING.— *Will.*—*Probate of.*—A complaint seeking probate of an alleged will, averring that the defendant pretended that such a will as was described and of which a copy was set out was not duly executed, did not allege that the defendant had the custody of the will, nor did the plaintiff offer to produce it.

*Held,* that the complaint was bad on demurrer.

APPEAL from the Putnam Common Pleas.

Suit against the appellees, Eliza Matlock, James Matlock, her husband, and Thomas S. Vermillion, administrator of the estate of Amos Hibbs, deceased, the complaint alleging, that said Amos left a will in full force, by which he disposed of all his personal and real estate; that at the time of making the will said Amos had a wife alive, named Lydia, who is mentioned in the will; that said Lydia died, intestate, there being no issue of said marriage, and said Lydia leaving surviving her no child or descendant of any child, and no father or mother; that afterwards said Amos intermarried with the defendant Eliza, by whom he had no issue; that on the 24th of November, 1866, said Amos died, leaving surviving him said Eliza, his widow, who afterwards became, and now is, the wife of defendant James Matlock; that said Amos also left surviving him the plaintiffs, being certain of his nephews named as legatees in said will and his brothers and sisters and descendants of his deceased brothers and sisters, but left no father or mother and no child or descendant of any child; that said Amos at the time of his death was the owner of, and entitled to the possession of, large and valuable personal and real estate, of the aggregate value of twelve thousand dollars, which property consisted chiefly of moneys, notes, and choses in action; that said Amos, being of sound and disposing mind and memory, made his said last will and testament in writing, bearing date May 21st, 1849, which was duly executed by said Amos in the presence of, and attested by, two credible witnesses named. A copy of the will is then set out, the disposing portion of

which is as follows: "After all funeral expenses are discharged, and all my just debts are paid, I leave my property, personal and real, lands and effects, to my wife, Lydia Hibbs, that she shall have full right power and control over all I possess so long as she remains my widow. After my wife, Lydia Hibbs, ceases to be my widow, I want my effects disposed of in the following manner: I want my three nephews named for me to have one hundred dollars each, to wit," &c., "and then the balance to be equally divided between my brothers and sisters, each one having an equal share."

The complaint further avers, that said testator died without revoking or altering said will; whereupon plaintiffs claim that they are entitled to all of said personal property, except the sum of three hundred dollars claimed by the widow under the statute, and to two-thirds of said real estate, the remaining one-third belonging to the defendant Eliza by her marital rights under the statute; that said property belongs to the plaintiffs in the proportion designated in said will, all of it being subject to the just debts of the testator, which are comparatively nothing; that said Eliza has taken possession and control of all said property, both real and personal, and claims the same as the sole heir of said Amos; that said Eliza, combining and confederating with divers other persons unknown to plaintiffs, pretends that said Amos did not make said will, or that he was not of sound and disposing mind and memory at the making thereof, or that it was not executed as by law required; and therefore she insists that the plaintiffs have no right or title to said estate or any part thereof, but that on the death of said Amos the whole of said estate, both real and personal, descended to her as heir at law; whereas the plaintiffs charge that the contrary is true; that said Eliza refuses to contest the validity of said will during the lifetime of the subscribing witnesses thereof, and threatens that she will hereafter dispute the validity of said will, when all said subscribing witnesses are dead, whereby the plaintiffs will

be deprived of the benefit of the testimony of said subscribing witnesses and defrauded out of their just dues. The complaint avers, that said Amos at the time of his death was a *bona fide* resident of Putnam county, State of Indiana; and that his property was chiefly, if not solely, situated in said county at the time of his death. The plaintiffs pray permission to make proof of the foregoing facts, and thereby establish and perpetuate said will by making due proof of its execution as the statute directs in such cases; and ask that such orders may be made by the court as may be necessary to perpetuate and establish the testimony of said subscribing witnesses and others that may be necessary for the end proposed; and they pray all other and proper relief.

The defendant James Matlock failed to make appearance and was defaulted.

The other defendants demurred separately to the complaint, on the grounds, first, that the court had no jurisdiction of the subject of the action; second, that there is a defect of parties defendants; third, that said Thomas S. Vermillion is an improper party defendant and ought not to be required to answer herein; fourth, that said complaint does not state facts sufficient to constitute a cause of action against the defendants or either of them; fifth, that several causes of action have been improperly united in said complaint.

The demurrer was sustained, and the plaintiffs excepted. The plaintiffs refusing to amend, judgment was rendered against them.

RAY, J.—It will be observed that the complaint in this case does not aver that the defendants or either of them have the custody of the alleged will, and therefore the facts stated do not authorize a citation against them, or either of them, to produce the same before the court.

The allegation that the widow pretends that such a will as is described in the complaint was not duly executed amounts to nothing. If the appellants have such an instru-

ment in their possession, they can offer it for probate; if it be in the possession of any one else, they can have a citation requiring the person having such custody to produce the will before the court that it may be proved. 2 G. & H. 556, sec. 25. It will be vain to ask the opinion of this court upon the effect of the subsequent marriage of the alleged testator, by any proceeding other than the method provided by law. The court properly sustained a demurrer to the petition.

Judgment affirmed, with costs.

*F. T. Brown* for appellants.

*S. Turman*, for appellees.